UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| **Robert R. Prunty,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:14-cv-02073(APM) |
| | ) | |
| **Vivendi,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Robert Prunty brought this action against Defendants Vivendi SA; UMG Recordings, Inc.; Atlantic Recording Corp.; The Island Def Jam Music Group; Warner Music Group Corp.; and the law firm of Jenner & Block, LLP.[1]  Am. Compl., ECF No. 6. Plaintiff's Complaint raises two sets of claims, which are the subject of Defendants' Motions to Dismiss.[2]  ECF Nos. 10, 19.

Plaintiff's first set of claims arise from an adverse judgment entered against him in *Prunté v. Universal Music Grp.*, 699 F. Supp. 2d 15 (D.D.C. 2010), *aff'd*, 425 Fed. App. 1 (D.C. Cir. 2011).  *Prunté* was a copyright infringement action before United States District Court Judge Paul Friedman, in which Plaintiff claimed that Universal Music Group, Inc., and a host of others

---

[1] It is not clear whether Plaintiff is actually asserting claims against Jenner & Block, LLP, lawyer, Michael DeSanctis. Plaintiff's Amended Complaint lists DeSanctis as a "party," but states that DeSanctis "is not being sued in any capacity except a vicarious one." Am. Compl., ECF No. 6, at ¶ 9.  The court reads that allegation to mean that Plaintiff seeks to hold Jenner & Block, LLP, vicariously liable for DeSanctis' alleged acts.  Furthermore, Plaintiff's Amended Complaint also names as a "party" United States District Court Judge Paul Friedman, but states that he "is not being sued in any capacity." *Id.* ¶ 10.  The court therefore does not consider Judge Friedman a named defendant in this matter.

[2] Defendants Jenner & Block, LLP, Warner Music Group Corp., and Atlantic Recording Corp., jointly filed their Motion to Dismiss, ECF No. 10, as did Defendants Vivendi SA, UMG Recordings, Inc., and The Island Def Jam Music Group, Mot. to Dismiss, ECF No. 19.

infringed upon his copyrights in various songs he wrote and produced. Judge Friedman concluded that Plaintiff had failed to establish copyright infringement as to any of his songs. *Id.* at 25-30.

In this case, Plaintiff brings four claims based on alleged acts that occurred in *Prunté*. In Counts Four and Five, he alleges that Judge Friedman's decision was the product of racial animus and thus deprived him of property and equal protection of the law in violation of 42 U.S.C. §§ 1982 (Count Four) and 1985 (Count Five).[3] Additionally, in Counts Three and Six, he contends that Judge Friedman and Defendants in this case conspired to hide from him Judge Friedman's alleged financial interest in Defendants Vivendi SA and UMG Recordings, Inc. As to those allegations, Plaintiff advances common law "claims" of "Intentional Fraud Upon the Court" (Count Three) and "Fraudulent Concealment and Omissions" (Count Six).

Distinct from the claims arising from *Prunté*, Plaintiff asserts a claim under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* (Count Two), alleging that Defendants (other than Jenner & Block) infringed his copyright in the song "Keys to the Kingdom," for which he is the "original creator and performer." Plaintiff avers that Defendants, without authorization, reproduced "Keys to the Kingdom" as the song "Kingdom," performed by the hip-hop artist Common.

The court grants Defendants' Motions to Dismiss.

<u>Section 1982 and 1985 claims</u>. Plaintiff's Section 1982 and 1985 claims are premised on the allegation that Judge Friedman called a "bogus 'status conference'" to determine Plaintiff's race, and thereafter, denied Plaintiff's copyright claims because of his race. Am. Compl. ¶ 16. Jenner & Block lawyer, Michael DeSanctis, who represented the defendants in *Prunté*, allegedly "pretended to be a legal combatant" for that hearing. *Id.*

---

[3] Plaintiff concedes that his Count One—"13th Amendment Violations"—is not a free-standing claim. *See* Pl.'s Opp'n, ECF No. 22, at 11 (stating that "every law school child knows that" there is no private right of action under the Thirteenth Amendment).

As a threshold matter, the court finds that the allegations underlying Plaintiff's Section 1982 and 1985 claims are not merely "unlikely," but are so "fanciful" and "fantastic" as to warrant dismissal. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotation marks omitted). A court may dismiss a claim as "factually frivolous" when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. Plaintiff's naked assertions of racially motivated judicial decision-making qualify as factually frivolous.

Even if the court were to credit Plaintiff's allegations, he has failed to allege that Defendants deprived him of property or equal protection under the law based on his race. Instead, the sole alleged factual predicate for those claims is that Defendants—really, only Jenner & Block—are alleged to have "acquiesce[ed]" in the court's alleged violations. Am. Compl. ¶ 44. That is not enough to allege a deprivation of civil rights under Sections 1982 or 1985.

Further, Plaintiff's Section 1982 and 1985 claims are barred by the statute of limitations. The District of Columbia's catch-all three-year limitations period applies to these claims. *See Hall v. Clinton*, 285 F.3d 74, 82 (D.C. Cir. 2002) (applying three-year period to Section 1985 claim); *Hargraves v. Capital City Mortg. Corp.*, 140 F. Supp. 2d 7, 17 (D.D.C. 2000) (applying three-year period to Section 1982 claim). At the latest, Plaintiff's claims began to accrue when Judge Friedman entered judgment against him. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) (stating that the accrual date of a Section 1983 claim is a matter of federal law; under federal law, a claim begins to accrue when "the plaintiff has a complete and present cause of action") (citation omitted) (internal quotation marks omitted). Plaintiff contends that the limitations period was equitably tolled because of "Extrinsic Fraud [that] occurred in or about October of 2014"—the date on which he learned about Judge Friedman's alleged financial interests in Defendants Vivendi SA and UMG

3

Recordings, Inc.  Pl.'s Opp'n, ECF No. 22, at 12.  But the supposedly "extrinsic fraud" relates to Judge Friedman's alleged undisclosed financial interests, which has nothing to do with Plaintiff's civil rights claims and thus could not toll the limitations period on those claims.  Am. Compl. ¶ 16.  Accordingly, the court dismisses Plaintiff's Section 1982 and 1985 claims.

*<u>Intentional Fraud upon the Court and Fraudulent Concealment.</u>*  As discussed, the basis for Plaintiff's "Intentional Fraud upon the Court" and "Fraudulent Concealment" claims is an alleged conspiracy between Judge Friedman and Defendants to keep hidden from Plaintiff the Judge's purported financial interest in Defendants Vivendi SA and UMG Recordings, Inc.  Specifically, Plaintiff contends that Judge Friedman was a "high-powered . . . business partner" and "deeply entrenched partner" of those companies.  *Id.* at ¶¶ 52-53.  The court finds these allegations—particularly the allegation that Judge Friedman and Defendants *conspired* to disguise his alleged financial interests—"fanciful" and "fantastic," thus warranting dismissal of Counts Three and Six.  *See Denton*, 504 U.S. at 32-33.

But even if the court were to give credence to Plaintiff's allegations, dismissal would be proper because there is no cause of action for "fraud on the court."  *See Interstate Fire & Cas. Co., Inc. v. 1218 Wisconsin, Inc.*, 136 F.3d 830, 836 (D.C. Cir. 1998) (rejecting tort claim for "fraud on the court" because "[a]lthough the act complained of is styled a 'fraud,' the remedy lies within the court's equitable discretion") (citation omitted).  Nor is there a cause of action for "fraudulent concealment."  *See Cannon v. Wells Fargo Bank, N.A.*, 988 F. Supp. 2d 29, 31 (D.D.C. 2013) (striking claims in complaint "because they set forth independent causes of action for fraudulent concealment that are not cognizable at law").

And, even if the court were to read Plaintiff's Complaint to allege common law fraud, his allegations would fail to satisfy Federal Rule of Civil Procedure 9(b)'s requirement that "a party

must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ P. 9(b). Here, the crux of Plaintiff's claim is that Judge Friedman conspired with Defendants to conceal his financial interests from Plaintiff. But Plaintiff fails to make any plausible assertion that Judge Friedman had any financial interests in the Defendant companies. Plaintiff lists what appear to be 11 mutual funds in which Judge Friedman allegedly had an interest, as of October 2014. Am. Compl. ¶¶ 10, 37, 56. However, nowhere does Plaintiff aver that any of these funds held individual stock of Defendants Vivendi SA, UMG Recordings, Inc., or any other of the defendant companies. Even if the funds held such equities, Plaintiff does not allege that Judge Friedman held them *at the time* that *Prunté* was being litigated.[4] And, most importantly, Plaintiff does not allege facts from which this court might infer that Defendants knew of Judge Friedman's supposed financial interests or that Defendants conspired to conceal those interests. Plaintiff's allegations are entirely conclusory. His fraud claims therefore must be dismissed.

*Copyright Infringement.* Plaintiff's copyright infringement claim must also be dismissed as it fails to state a cognizable claim. Plaintiff has attached to his Amended Complaint the lyrics of both the alleged infringed song, "The Keys to the Kingdom," and the alleged infringing song, "Kingdom." Compl., ECF No. 1, Exs. A and B; *see also Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 133-34 (D.D.C. 2013) (stating that the court may consider exhibits attached to the complaint in evaluating a Rule 12(b)(6) motion). The court has reviewed the lyrics of both songs and concludes that, other than the word "Kingdom" appearing in both songs' titles and the phrase "keys to the kingdom" appearing in both songs' lyrics, they bear little resemblance to one another

---

[4] Plaintiff also ignores the Code of Conduct for United States Judges, which provides that a federal judge's ownership of a mutual fund that happens to own stock in a party appearing before the court does not constitute a "financial interest" in a party that otherwise would require the court's disqualification. *See* Code of Conduct for United States Judges, Canon 3(C)(1)(c) (requiring disqualification if the court has a "financial interest in the subject matter in controversy or in a party to the proceeding"); Canon 3(C)(3)(c)(i) (defining "financial interest" to exclude "ownership in a mutual or common investment fund . . . unless the judge participates in the management of the fund").

and thus are not "substantially similar." *See Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1295-96 (D.C. Cir. 2002) (stating that a successful copyright infringement claim requires "substantial similarity" such that "the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value") (citation omitted) (internal quotation marks omitted). Of course, neither the song title "The Keys to the Kingdom" nor the phrase "keys to the kingdom" is copyrightable material. *See* 37 C.F.R. § 202.1(a) ("Words and short phrases such as names, titles, and slogans" are not subject to copyright."); *Prunté*, 699 F. Supp. 2d at 25 ("Of course, titles are not protectible, and neither are short, common phrases[.]").

Relying on *Dawson v. Hinshaw*, 905 F.2d 731 (4th Cir. 1990), Plaintiff argues that, because the songs at issue "are directed towards the imaginations and sentiments of 'young people,'" the "ordinary person" test for evaluating "substantial similarity" is inappropriate. Pl.'s Opp'n, ECF No. 26, at 10. In so arguing, Plaintiff seems to suggest that expert testimony is required to evaluate whether the infringing song is substantially similar to his own, and therefore, dismissal at this stage would be inappropriate. In *Dawson*, the Fourth Circuit held that "obedience to the undisputed principles of copyright law and the policy underlying the ordinary observer test . . . require[s] orientation of the ordinary observer test to the works' intended audience." 905 F.2d at 733. However, the "flexible approach" adopted in *Dawson* has not been adopted in this Circuit, especially as to readily accessible song lyrics, such as those at issue in this case. *Sturdza*, 281 F.3d at 1300-01. Thus, the court declines to follow *Dawson* and concludes that this court is capable of concluding as a matter of law, without the assistance of expert testimony, that the songs "Keys to

the Kingdom" and "Kingdom" are not substantially similar.[5] Plaintiff's copyright infringement claim therefore is dismissed.

*Plaintiff's Rule 60(b) Motion.* Plaintiff filed a motion in this case styled "Plaintiff's Formal Motion Made Pursuant to Fed. R. Civ. P. Rule 60(b)(4)&(6), Based Upon After-Discovered Extrinsic Fraud—Lack of Subject Matter Jurisdiction in Case 1:06-CV-0480; Plaintiff's Interpolated Affidavit Included Alongside Documentary Evidence and Memorandum of Law" [hereafter "Formal Motion"]. ECF No. 9. As relief, Plaintiff asks that "the Judgment of Case 1:06-cv-0480 . . . be recalled or rescinded to reflect [its] abject nullity status, and the case . . . be reset to [its] previous status regarding the (20) twenty songs of Plaintiff's being unlawfully regarded as belonging to the defendants in this case." *Id.* at 15-16. The court reads Plaintiff's Formal Motion as a motion to set aside the judgment in *Prunté* under Rule 60(b).

The Formal Motion, however, is not properly before this court. Plaintiff should have filed it before the judge who entered the judgment against him in *Prunté*, Judge Friedman. *See Owens v. District of Columbia*, 631 F. Supp. 2d 48, 57 n.5 (D.D.C. 2009) (stating that "any Rule 60(b) request for relief from judgment in [the prior action] must be addressed to [the judge assigned to the prior action]"). The Formal Motion is therefore denied.

*Conclusion.* For the foregoing reasons, Defendants' Motions to Dismiss are granted and Plaintiff's Formal Motion is denied. A separate Order accompanies this Memorandum Opinion.

Dated: September 17, 2015

Amit P. Mehta
United States District Judge

---

[5] This court also does not consider itself an ordinary "lay person" when it comes to hip-hop music and lyrics. The court has listened to hip hop for decades and considers among his favorite musical artists, perhaps as a sign of his age, Jay-Z, Kanye West, Drake, and Eminem.

7